IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

**FILED**

MAY 13 2013

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| ROY LEE SMITH,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, Warden of the Montana State Prison and the ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 12-0044-H-DLC<br><br>ORDER |

United States Magistrate Judge Keith Strong issued Findings and Recommendations recommending the denial of Petitioner Roy Smith's petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 17). Petitioner timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

1

Smith filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 on May 25, 2012. Judge Strong reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States Court. He found that Smith's claims might be procedurally barred but his claims more clearly failed on the merits. Having reviewed Judge Strong's findings and Smith's objections, the Court agrees with Judge Strong that Smith's claims clearly lack merit.

## I. CLAIM ONE–PLEA COLLOQUY

Smith's first claim was that his plea was not made voluntarily. He contends he was not informed of the nature of the offense before he plead guilty and that had he been advised of the elements of the offense he would not have plead guilty. (Doc. 1).

Judge Strong found that based upon the totality of the circumstances, the record supported the trial court's finding that the plea was voluntary. This finding was based upon Smith's admission that he "carried some dangerous chemicals" into his grandmother's house and counsel's assurance to the trial court that he had "fully advised" Smith and was satisfied that the plea had been entered voluntarily.

Smith objects to both findings. He first objects to Judge Strong's inference that Smith's statement that he carried dangerous chemicals into the house was a fair admission to knowingly placing others at substantial risk of serious bodily

2

injury. (Doc. 17, p. 6)(internal citations omitted). Smith argues that Judge Strong relied on no set rule of law or contributing facts from the record to support this inference. Smith also objects to Judge Strong's use of his counsel's comments as a basis to find that his plea was made voluntarily because Smith did not confirm or adopt those comments and it was an insufficient basis upon which to find his plea voluntary. (Doc. 18, p. 2).

Judge Strong correctly found that Smith's plea to criminal endangerment was voluntary and that the colloquy was legally adequate to support the trial court's adjudication of guilt. (Doc. 17, p. 7). The record must show a knowing, voluntary, and intelligent waiver by the defendant of his central trial rights. *Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969). But, "the due process clause does not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances." *Rodriguez v. Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985). Instead, it is the totality of the circumstances that must show that the plea was voluntary. *Henderson v. Morgan*, 426 U.S. 637, 644 (1976). Here, the totality of the circumstances show that Smith's plea was voluntary.

A review of the transcript of the plea colloquy demonstrates that the trial court asked Smith if he understood what the amended charge was, Smith indicated he did, he admitted carrying dangerous chemicals into the house, he said he was

3

satisfied with his counsel's advice and that he had ample time to visit with counsel about the case, he signed the acknowledgment of waiver of rights which he said he had gone over with his attorney, and lastly his counsel assured the court that Smith had been fully advised. (Doc. 11-6, pp. 1-2). It may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. *Henderson*, 426 U.S. at 647. It was not error for the trial court to rely on counsel's representations.

In addition, Smith was facing up to 20 years in prison and as a result of his plea he was given an 8-year suspended sentence. It also appears clear from the record that Smith discussed plea options with his counsel as demonstrated by his June 11, 2003 letter attached to his 2010 motion to withdraw his guilty plea. (Doc. 11-13, p. 17). That letter also suggests how important it was to Smith to not go to jail since his wife was pregnant and he wanted to be home with his wife and their new family. (Doc. 11-13, p. 17).

There was nothing in the record before the state district court to indicate that Smith's plea was not voluntary. Based upon my independent review of the record, I conclude that Judge Strong did not err in finding that Smith's plea was voluntary.

## II. CLAIM TWO–INEFFECTIVE ASSISTANCE OF COUNSEL

Smith next objects to Magistrate Judge Strong's finding that trial counsel's performance was not prejudicially ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). Smith first reargues that his counsel did not meet, test, or refute the case of the prosecution in any way. (Doc. 18, p. 4). As found by Judge Strong, Smith did not describe any real fact or viable defense that counsel missed. (Doc. 17, p. 10). Even in his objections, Smith fails to provide any such information. Judge Strong did not err in concluding that any alleged failure to investigate Smith's case constituted ineffective assistance of counsel

Smith next objects to Judge Strong's consideration of several pieces of potential evidence against Smith. Specifically, he objects to Judge Strong's consideration of the statement of Thomas McDaniel. He contends that he told his attorney a different version of the facts and it was improper to consider that statement. Similarly, Smith objects to Judge Strong's finding that "Mr. Smith's reckless disposal of the ammonia–taking it from the house himself and discarding it by the side of the road, rather than contacting authorities – is sufficient to support his conviction for criminal endangerment." (Doc. 17, p. 10). Smith argues this is a conclusory allegation. He states he never challenged the double hearsay accusation of placing the ammonia by the side of the road because it was

5

not conduct for which the state sought to punish him. (Doc. 18, pp. 5-6).

However, Judge Strong did not rely on the McDaniel statement or the disposal of the ammonia as evidence of Smith's guilt or innocence. Rather, he considered this evidence in his evaluation of Smith's counsel's performance. This evidence would likely have been used as part of the proof the state would have presented had they gone to trial. A reasonable attorney would have weighed this evidence along with the other evidence listed by Judge Strong in consideration of how to advise Mr. Smith on how to proceed. Judge Strong did not err in considering the statement of Mr. McDaniel or the disposal of the ammonia.

Lastly, Smith objects to Judge Strong's finding that his counsel was not ineffective for allowing him to plead guilty to something which Smith contends he was not guilty. Smith contends he did not know there were dangerous chemicals in the blue cooler that he carried into his grandmother's house and therefore he could not have been guilty of criminal endangerment. Judge Strong found that, despite Smith's contentions, based upon the state's factual allegations there was sufficient evidence for a reasonably competent attorney to conclude that Smith could be convicted of criminal endangerment. (Doc. 17, p. 9). This Court agrees that counsel was not ineffective in advising his client to plead guilty to criminal endangerment.

The Court also agrees that it cannot be reasonably said that Smith would not have plead guilty had he known the elements of the offense. The record clearly reflects that obtaining pretrial release and a lighter sentence was more important to Smith than contesting his guilt at trial. Again, Smith's June 11, 2003 letter to his counsel demonstrates Smith's willingness to enter a plea. (Dkt. 11-13, p. 17). For him to return to court seven years later (after he was unable to comply with the terms of his suspended sentence and was incarcerated) and claim that he would not have plead guilty had he known the elements of criminal endangerment is implausible.

### III. MOTION FOR LEAVE TO AMEND AND FOR COUNSEL

Smith has also filed a Motion for Leave to Amend his Petition and to Proceed with Appointed Counsel. (Doc. 24). Rule 15(a) of the Federal Rule of Civil Procedure provides:

> a) Amendments Before Trial.
>     (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>         (A) 21 days after serving it, or
>         (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>     (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so

requires.

Smith moved to amend after Judge Strong issued findings and recommendations to dismiss his petition so he is not granted an amendment as a matter of course. Smith seeks an opportunity to amend his petition if the Court adopts Judge Strong's recommendations but he does not set forth the amendment he would like to make. This is a violation of Local Rule 15.1 which requires a proposed pleading be attached to a motion for leave to amend. Regardless, amendment of the petition in this case would be futile based on the state court judgment and the above findings. The motion to amend will be denied.

Similarly, in light of the denial of Smith's petition the motion for appointment of counsel will be denied.

After a review of Judge Strong's Findings and Recommendations, I find no clear error. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations to deny Smith's petition for writ of habeas corpus (Doc. 17) are adopted in full. Smith's Petition (Doc. 1) is DENIED. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Smith. A certificate of appealability is DENIED because Smith's claims lack merit.

IT IS FURTHER ORDERED that Smith's motion for leave to amend (Doc. 24) is DENIED.

IT IS FURTHER ORDERED that Smith's motion to appoint counsel (Doc. 24) is DENIED.

DATED this 13th day of May, 2013.

Dana L. Christensen, Chief Judge
United States District Court